**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MEL JOHNSON,** | : | CIVIL NO. 1:CV-06-0627 |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JOSEPH RUSH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Plaintiff Mel Johnson ("Johnson"), an inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Joseph Rush ("Rush"), Marva J. Cerullo ("Cerullo"), and Sharon M. Burks ("Burks"). The complaint is accompanied by a motion for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995, (the "Act"), obligates the court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, as is the case here. (Doc. 6). Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The complaint has been screened in accordance with the above, and for the following reasons, the complaint against defendants Cerullo and Burks will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The claim against Rush will be allowed to proceed.

**I. Factual Background**

Johnson alleges that during a sick call visit to the medical department of SCI-Mahanoy, in the course of a hemorrhoid examination, Rush subjected him to cruel and unusual punishment. On subsequent visits, Rush prevented him from seeking medical attention and denied him adequate treatment. He asserts that Cerullo, as Rush's supervisor, is responsible for Rush's conduct. He also asserts that Burks maliciously denied his grievance.

**II. Standard of Review**

In screening a complaint under the Act, the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted. . . ." FED. R. CIV. P. 12(b)(6). In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

"In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court, however, need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

**III. Discussion**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 827 (1994) (citing Helling v. McKinney, 509 U.S. 25 (1993));  Wilson v. Seiter, 501 U.S. 294 (1991); Estelle, 429 U.S. 97.  An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner.  Estelle, 429 U.S. at 104; Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 494-95 (E.D. Pa. 1992).  The official must know of and disregard an excessive risk to inmate health or safety.  Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'"  Farmer, 511 U.S. at 843.  This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa) aff'd, 103 F.3d 691 (1996) (citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.  Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D.Pa. 1988).  Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim.  Monmouth County Correctional Inst. Inmates v. Lensario,

834 F.2d 326, 346 (3d Cir. 1987).  Only flagrantly egregious acts or omissions can violate the standard.  See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

Johnson's contentions that Rush prevented him from seeking treatment and denied him adequate medical treatment are sufficient to state a claim.  Johnson's claim against Rush will therefore proceed.

However, with regard to the allegations against defendant Cerullo, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Further, it is well established that claims brought under § 1983 cannot be premised on a theory of respondeat superior.  Rode, 845 F.2d at 1207.  Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  Rode, 845 F.2d at 1207.

Plaintiff attempts to impose liability on defendant Cerullo based solely upon her roles as a supervisor.  The complaint is therefore subject to dismissal with regard to defendant Cerullo.

As concerns defendant Burks, Johnson seeks to hold her accountable for her role in denying his grievance.  As a threshold matter, the court notes that there is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 (E. D. Pa. 1997).  While prisoners do have a constitutional right to seek redress of their grievance from the government, that right is the right of

4

access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance.  See Booth v. King, 346 F. Supp. 2d 751, 761 ( E.D. Pa. 2004).

Johnson's dissatisfaction with Burks' decision to deny his grievance does not rise to the level of a constitutional violation.  See Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005) (finding allegations asserting involvement in the post-incident grievance process insufficient to state a claim).  Therefore, the claim against Burks will be dismissed.

**IV. Order**

**AND NOW**, this 13th day of July 2006, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 6) is construed as a motion to proceed without full prepayment of fees and costs and the motion is GRANTED.

2. Plaintiff's complaint (Doc. 1) against defendants Cerullo and Burks is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The complaint will proceed as to defendant Rush.

4. The Clerk of Court is directed to forward the complaint (Doc. 1), along with a copy of this Order, to the United States Marshal's Service for service upon defendant Rush only.

                                   S/ Yvette Kane  
                                   Yvette Kane  
                                   United States District Judge