IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL JOHNSON, | : | CIVIL NO. 1:06-CV-0627 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH RUSH, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Joseph Rush's motion to dismiss (Doc. No. 15) Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons discussed below, the motion will be granted.

**I.   BACKGROUND**

During the relevant time, Plaintiff, an inmate incarcerated at the State Correctional Institution at Mahanoy, alleges Defendant Joseph Rush ("Rush"), a physician's assistant, denied him adequate medical treatment. (Doc. No. 1, at 5.)  Plaintiff avers that on April 25, 2005, he returned to sick call for follow-up hemorrhoidal care and was seen by Rush. (Doc. No. 1, at 4.)  According to Plaintiff, "upon his examination [Rush] jammed his finger really hard into [his] rectum" causing him to jolt forward. (Id.)  He alleges that "the pain hurt so bad that [he] just stood there in shock." (Id.)

**II.   STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all

---

[1] The Court notes that, on its initial screening, the Court dismissed the complaint against defendants Cerullo and Burks pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. No. 8.)  Thus, Joseph Rush is the sole remaining defendant.

factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d. Cir. 1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted); see also Kost, 1 F.3d at 183 (A plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist.") (citation omitted).  Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 127 S. Ct. at 1960.  When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'"  Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005).  Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 127 S. Ct. at 1960, the complaint should be dismissed.

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which offers private citizens a cause of action for violations of federal law by state officials.  The statute provides, in pertinent

part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

See 42 U.S.C. § 1983; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard. First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Thomas v. Dragovich, 142 Fed. App'x. 33, 36 (3d Cir. 2005). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In considering whether an injury is serious, a court must consider whether "denial or delay causes an inmate to suffer a life-long handicap or permanent loss. (Id.)

Second, a plaintiff must make a "subjective" showing that the defendant acted with "a

3

sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, where the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990));  Monmouth County, 834 F.2d at 346.

This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996), aff'd, 103 F.3d 691 (1996) (citation and internal quotations omitted).

When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. See Ascenzi v. Diaz, No. 07-2289, 2007 WL 2591182, at *1 (3d Cir. Sept. 7, 2007). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County, 834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Neither medical negligence alone nor any disagreements over the professional judgment of a health care provider can result in an Eighth Amendment violation. White, 897 F.2d at 108-10.

Defendant argues that "[t]here are no allegations whatsoever from which it could be inferred that the examination in question [which was performed as a follow-up to treatment he

was receiving for his hemorrhoid condition] was inappropriate for his condition, or that Rush failed or refused to provide any appropriate treatment for Plaintiff's hemorrhoids." (Doc. No. 14, at 6.)  The Court agrees.  As stated above, prison medical authorities are afforded considerable latitude in the diagnosis and treatment of the medical problems of inmate patients.  It is unfortunate that the follow-up rectal examination conducted by Rush caused Plaintiff pain and discomfort.  However, there is no question that Plaintiff received appropriate treatment for a hemorrhoid condition.

In his "Addendum in Response to Defendants [sic] Motion to Dismiss," Plaintiff also contends that the examination constituted sexual abuse.  (Doc. No. 19, at 2.)  Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1524-31 (9th Cir. 1993) (en banc); Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia, 877 F. Supp. 634, 664-67 (D.D.C. 1994).  For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation.  Cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (noting that the list of conditions held cruel and unusual by the Supreme Court is not exclusive).  Moreover, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834.

The subjective element of the Eighth Amendment test may also be met by claims of sexual abuse. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient

evidence of a culpable state of mind.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Johnson fails to state an Eighth Amendment sexual abuse claim. While it is regrettable that Plaintiff suffered pain and discomfort during the medical examination, Defendant's conduct, when considered in the context of a medical rectal examination, is insufficient to state a federal constitutional claim of sexual abuse.  See Farmer, 511 U.S. at 833-34, Rhodes, 452 U.S. at 348-349 & 348 n.13 (recognizing that not every deviation from an "aspiration toward an ideal environment for long-term confinement" amounts to a constitutional violation).

## IV.   CONCLUSION

Based on the above, Defendant's motion to dismiss will be granted.  An appropriate order will issue.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEL JOHNSON,** | : | **CIVIL NO. 1:06-CV-0627** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JOSEPH RUSH, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 26th day of September 2007, upon due consideration of defendant's motion to dismiss (Doc. No. 15), **IT IS HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss (Doc. No. 15) is **GRANTED**.

2. Plaintiff's complaint against Defendant Rush is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** the case file.

4. Any appeal from this order is **DEEMED** frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                                         s/ Yvette Kane
                                                                         Yvette Kane, Chief Judge
                                                                         United States District Judge
                                                                         Middle District of Pennsylvania