# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEL JOHNSON,** | : | **CIVIL NO. 1:CV-06-0627** |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JOSEPH RUSH, P.A., et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Mel Johnson ("Johnson"), currently an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following three SCI-Mahanoy employees: Joseph Rush, Physician's Assistant; Maria J. Cerullo, Supervisor; and Sharon M. Burks, Grievance Officer. In the complaint, Johnson sets forth claims of cruel and unusual punishment regarding a rectal examination that was performed on him, and the subsequent denial of his grievance alleging sexual abuse. For the reasons that follow, Plaintiff's motion to file an amended complaint (Doc. No. 40) will be granted, and his motion for counsel (Doc. No. 41) will be denied without prejudice.

## I.    Background

On July 13, 2006, the Court issued a Memorandum and Order dismissing Defendants Cerullo and Burks from this action pursuant to 28 U.S.C. § 1915(e)(2)(B), but the case was permitted to proceed against Defendant Rush (Doc. No. 8). Johnson alleges that Rush applied significant force in performing a rectal exam, and that Johnson had a smirk on his face after Johnson complained of the pain. He also alleges that his fear of running into Rush at sick call deterred him from seeking further treatment, thus allegedly leading to a denial of medical care.

On September 26, 2007, the Court granted Defendant Rush's motion to dismiss, finding that the complaint lacked allegations from which it could be inferred that the examination performed was inappropriate for Johnson's condition, or that Rush failed or refused to provide appropriate treatment for Johnson's hemorrhoids. (Doc. No. 22.) On February 3, 2009, the United States Court of Appeals for the Third Circuit affirmed this Court's dismissal of Defendants Cerullo and Burks, but remanded the matter with respect to the dismissal of Defendant Rush, finding that this Court erred in failing to advise Johnson of his right to amend his complaint because amendment was not necessarily futile (Doc. No. 46). Specifically, the Third Circuit found that this Court overlooked the possibility of a prison medical official administering an appropriate exam in an inappropriate manner, and that Johnson might have amended his complaint to plead additional facts regarding Rush's intent. (Id. at 4.)

**II.     Discussion**

Presently before the Court are Johnson's motion to amend the complaint (Doc. 40) and motion to appoint counsel (Doc. 41.) These motions were filed by Johnson following the filing by the Third Circuit Court of Appeals of the judgment, but prior to the time the Third Circuit issued their mandate. The motion to amend the complaint will be granted in accordance with the directive of the Third Circuit. Plaintiff will be directed to file his amended complaint in this action against Defendant Rush within fifteen (15) days.

Plaintiff's motion for counsel will be denied, without prejudice, for the following reasons. It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. §

1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Because Johnson is being afforded the opportunity to file an amended complaint in this action, any evaluation of the merits of his claims is premature. In addition, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and,

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

While Johnson will be submitting an amended complaint in this matter, the overall issues

involved in this action are straightforward and involve the application of established legal principles to the factual situations at hand. Further, the record gives every indication that Johnson has the capability to continue litigating this action without the assistance of counsel. He has filed motions and opposition briefs on his own, and has successfully pursued an appeal to the Third Circuit Court of Appeals. As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL JOHNSON, | : | CIVIL NO. 1:CV-06-0627 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH RUSH, P.A., et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW,** this 15th day of June, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to file an Amended Complaint (Doc. No. 40) is **granted** in accordance with the opinion of the Third Circuit Court of Appeals.

2. Plaintiff shall file an amended complaint in this matter within fifteen (15) days of the date of this order.

3. Plaintiff's Motion for Counsel (Doc. 41) is **denied, without prejudice**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania