# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL JOHNSON, | : | CIVIL NO. 1:CV-06-0627 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH RUSH, P.A., et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff Mel Johnson ("Johnson"), currently an inmate confined at the Federal Detention Center, Philadelphia, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following SCI-Mahanoy employees: Joseph Rush, Physician's Assistant; Maria J. Cerullo, Supervisor; and Sharon M. Burks, Grievance Officer. The matter proceeds on an amended complaint filed against Defendant Rush. (Doc. No. 51.) Presently pending are Plaintiff's motion seeking reconsideration of the Court's denial of his request for counsel (Doc. No. 60), and Defendant Rush's motion to dismiss the amended complaint (Doc. No. 56). For the reasons that follow, the motion for reconsideration will be denied, and the motion to dismiss will be granted in part and denied in part.

## I. Background

In the original complaint, Plaintiff alleged that during a sick call visit to the infirmary at SCI-Mahanoy on April 25, 2005, Rush subjected him to cruel and unusual punishment when he used unnecessary force during the course of a rectal examination. (Doc. No. 1, Compl. at 4.) According to Plaintiff, he had attended sick call that day to receive follow-up care for hemorrhoids. Rush allegedly insisted on performing a rectal exam and when Plaintiff complained of pain, Rush smirked. Plaintiff also alleged that retaliation and claims that Rush

manipulated the schedule so that he would be the only P.A. on duty whenever Plaintiff signed up for sick call. He claims that his fear of encountering Rush deterred him from seeking treatment, thus depriving him of medical care. Plaintiff also alleged that Defendant Cerullo, as Rush's supervisor, was responsible for Rush's conduct, and that Burks maliciously denied his grievance.

In screening the complaint the Court dismissed Cerullo and Burks from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but directed service of the complaint on Defendant Rush. (Doc. No. 8.) Thereafter, Rush filed a motion to dismiss the complaint. On September 26, 2007, the Court issued a Memorandum and Order granting the motion, finding that the complaint lacked allegations from which it could be inferred that the examination performed by Rush was inappropriate for Plaintiff's condition, or that Rush failed or refused to provide appropriate treatment for Plaintiff's hemorrhoids. (Doc. No. 22.)

On February 3, 2009, the United States Court of Appeals for the Third Circuit affirmed this Court's dismissal of Defendants Cerullo and Burks, but vacated the dismissal of the Eighth Amendment claim against Rush. The matter was remanded for further proceedings to allow Plaintiff the right to amend his complaint, as amendment was not necessarily futile. (Doc. No. 46.) Specifically, the Third Circuit found that this Court overlooked the possibility of a prison medical official administering an appropriate exam in an inappropriate manner, and that Plaintiff might have amended his complaint to plead additional facts regarding Rush's intent. (Id. at 4.)

Following the issuance of the Third Circuit's opinion, Plaintiff submitted a motion to amend the complaint and a motion for the appointment of counsel. The motion to amend was granted in accordance with the directive of the Third Circuit, and the motion for counsel was denied without prejudice. (Doc. No. 53.) An amended complaint was thereafter submitted on

May 12, 2009. (Doc. No. 51.) The matter currently proceeds on the amended complaint.

In the amended complaint, Plaintiff contends that Rush was upset with him for filing a grievance against him with respect to the medical treatment he was receiving, and therefore retaliated against him on April 25, 2005, by deliberately jamming his finger in Plaintiff's rectum during the course of a hemorrhoidal examination, with the intention to inflict pain. (Doc. No. 51, Am. Compl. at 1.) He requests "any relief this court deems appropriate in favor of plaintiff." (Id. at 2.)

## II. Discussion

### A. Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's decision on June 15, 2009, denying his request for the appointment of counsel in this action. (Doc. No. 53.) The well-established principles applied in deciding an inmate's motion for counsel were thoroughly set forth in the Court's earlier Memorandum and, as such, will not be repeated herein. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In applying the relevant factors, the Court found that the overall issues involved in this action are straightforward and involve the application of established legal principles to the factual situations at hand. Further, the Court found that the record demonstrates Plaintiff's capability in continuing to litigate this action without the assistance of counsel. He has filed motions and opposition briefs on his own, and has successfully pursued an appeal to the Third Circuit Court of Appeals. As such, his request for the appointment of counsel was denied, but without prejudice should future proceedings demonstrate the need for counsel. Plaintiff seeks reconsideration of the decision to deny him counsel.

3

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff fails to demonstrate any of the applicable grounds for reconsideration. He does not set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact. He merely reargues arguments previously considered and rejected. He

again states that he is a layperson unskilled in the law and believes this case will require expert witnesses. He argues that the appointment of counsel would simplify the matter. It is noted, however, that Plaintiff does admit he has the assistance of jailhouse lawyers in this action. He comes forth with no reason for reconsidering the decision to deny counsel. The record continues to give every indication that Plaintiff is capable of litigating this action on his own. Any concern with respect to the future need for expert witnesses or trial preparation is certainly premature at this point. Accordingly, the motion for reconsideration will be denied.

  **B. Motion to Dismiss**

Defendant Rush moves to dismiss the amended complaint on several grounds. He contends that: (1) Article I Section 26 of the Constitution of the Commonwealth of Pennsylvania does not provide a cause of action for monetary damages to an individual suing another individual; (2) the amended complaint is barred by the statute of limitations; (3) Plaintiff has failed to exhaust his claims pursuant to 42 U.S.C. § 1997e(a); and (4) Plaintiff fails to state a claim because the amended complaint does not contain a request for relief. (Doc. No. 56.) The motion is fully briefed, and will now be addressed.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146,

5

2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

  Defendant Rush reads the amended complaint very narrowly to raise the sole claim of retaliation under the First Amendment of the United States Constitution and Article I Section 26 of Pennsylvania's Constitution. However, in construing all factual allegations in the complaint and the inferences therefrom in Plaintiff's favor, the Court finds that the complaint also includes a claim under the Eighth Amendment with respect to the manner in which the rectal examination was performed. With this said, Defendant's motion to dismiss will now be addressed.

  Defendant first moves for the dismissal of the amended complaint due to Plaintiff's

6

failure to include a request for relief in violation of Federal Rule of Civil Procedure 8, which requires every complaint to contain a prayer for relief. While the amended complaint does appear to be deficient in this respect, it is not a deficiency that cannot be cured. Plaintiff will be directed to file an addendum to his amended complaint within ten (10) days setting forth his demand for the relief sought in this action.[1]

To the extent Defendant argues that Plaintiff fails to state a claim for monetary damages against him in his individual capacity under Article I Section 26 of the Pennsylvania Constitution, Defendant's position is well-taken. See Dooley v. City of Philadelphia, 153 F. Supp. 2d 628 (E.D. Pa. 2001)(finding no cause of action for monetary damages to exist pursuant to Article I of the Pennsylvania Constitution, and granting judgment as a matter of law.) As such, any private cause of action against Rush for damages pursuant to Article I of the Pennsylvania Constitution is dismissed.

Defendant next seeks dismissal of the amended complaint on the basis that it is barred by the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well-established that in § 1983 actions federal courts apply the statute of limitations for personal injury actions in the jurisdiction in which the case is venued.[2] Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). When the statute of limitations begins to run, however, is determined by federal

---

[1] In the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and the fact that Plaintiff did include a claim for relief in his original complaint, the Court will afford Plaintiff a short period of time within which to specify the relief requested in this action.

[2] In Pennsylvania, the relevant statute of limitations for personal injury actions is found in 42 Pa. C.S.A. § 5524(2). This section provides that an action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or negligence or unlawful violence or negligence of another must be commenced within two (2) years.

law which holds that a claim accrues as soon as a plaintiff is either aware, or should be aware, of the existence of and source of an injury. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994).

Rush argues that the amended complaint should be dismissed in that Plaintiff's claim of retaliation is barred by the statute of limitations, as the claim arose more than two years prior to the date of the filing of the amended complaint. The Court finds little merit to this argument for the following reasons. Pursuant to Fed. R. Civ. P. 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out- in the original pleading. In the instant case, the Court finds that a claim of retaliation can clearly be found to arise out of the conduct and occurrences set forth in the original complaint. The Third Circuit Court of Appeals referenced the fact that Plaintiff raised the issue of retaliation in his original complaint in their opinion of January 28, 2009. Further, the Third Circuit remanded for allowance of amendment with respect to the issue of whether Plaintiff was able to plead additional facts regarding Rush's intent. Claims of a retaliatory intent on Rush's part arise out of the conduct, transactions and occurrences set out in the original pleading. As such, Defendant's motion to dismiss on this ground will be denied.

The final argument raised by Defendant in moving to dismiss the complaint is Plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") requires that a prisoner filing a § 1983 action must first properly exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004)(finding that the PLRA requires

"proper exhaustion," or in other words, contains a procedural default component). Exhaustion need not be pleaded by the plaintiff on the face of the complaint, but the failure to exhaust is an affirmative defense which may be pleaded and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In order to have properly exhausted his administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

Defendant argues that the Pennsylvania Department of Corrections sets forth an administrative review process for Plaintiff's use in exhausting his claims as set forth in DC-ADM 804. DC-ADM 804 outlines the necessary steps for filing a grievance and taking appeals from initial grievance determinations, and provides for three levels of administrative review - (1) Initial Grievance to Facility Grievance Coordinator; (2) appeal to the Superintendent; and (3) appeal for final review to the Secretary's Office of Inmate Grievances and Appeals.

According to Defendant, although Plaintiff filed a grievance with respect to the issues in this action (Grievance # 117716), he failed to exhaust his claims through the final level of review. Defendant attaches a copy of a decision from the Secretary's Office of Inmate Grievances and Appeals dated October 7, 2005, dismissing Plaintiff's appeal as untimely. (Doc. No. 57, Ex. B at 1.) As such, Defendant argues that Plaintiff has procedurally defaulted his claims. Plaintiff opposes Defendant's position claiming that (1) he did pursue an appeal to the Secretary's Office and (2) any tardiness was due to the Superintendent's failure to respond to his grievance.

At this juncture, it is impossible to determine whether Plaintiff has exhausted his claims.

The Court has before it a copy of the dismissal of Plaintiff's appeal as untimely by Secretary's Office. There is also documentation submitted which shows that although Plaintiff filed his appeal to the Superintendent at the end of May 2005, a response still had not been issued by the Superintendent until July 8, 2005, despite inquiries made by Plaintiff. Although the Secretary's Office dismissed the appeal as untimely in October of 2005, which would suggest that Plaintiff's appeal was untimely, there is no indication as to what date Plaintiff actually received the Superintendent's response, or the date upon which he submitted his appeal to the Secretary's Office. Based on the foregoing, the motion to dismiss on the basis of exhaustion will be denied.

For the reasons stated above, Defendant's motion to dismiss will be granted in part and denied in part. The motion will be granted only to the extent that Plaintiff will be directed to file an addendum to his amended complaint within ten (10) days setting forth his request for relief in this matter, and to the extent that any claim under Article I Section 26 of the Pennsylvania Constitution will be dismissed. The motion is denied in all other respects. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| MEL JOHNSON, | : | CIVIL NO. 1:CV-06-0627 |
|---|---|---|
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH RUSH, P.A., et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW,** this 5th day of February, 2010, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 60) is **denied**.

2. Defendant Rush's Motion to Dismiss (Doc. No. 56) is **granted in part and denied in part** in accordance with the attached Memorandum. Within ten (10) days Plaintiff shall file an addendum to his amended complaint for the sole purpose of setting forth his request for relief in this action.

3. Defendant Rush shall file an answer to the amended complaint within twenty (20) days of the date of this Order.


                                                  S/ Yvette Kane
                                                  YVETTE KANE, Chief Judge
                                                  Middle District of Pennsylvania