# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL JOHNSON, | : | CIVIL NO. 1:CV-06-0627 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOSEPH RUSH, P.A., et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Mel Johnson ("Johnson"), at the time an inmate confined at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the following individuals employed at SCI-Mahanoy during the relevant time period: Joseph Rush, Physician's Assistant; Marva J. Cerullo, Chief Health Care Administrator; and Sharon M. Burks, Chief Grievance Officer. Defendants Cerullo and Burks were previously dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The matter presently proceeds on an amended complaint against Rush (Doc. No. 51), the sole remaining Defendant. Pending before the Court is Defendant Rush's unopposed motion for summary judgment. (Doc. No. 67.) For the reasons set forth below, the motion will be granted.

I.     Background

In the amended complaint Plaintiff alleges that Defendant Rush violated his Eighth Amendment right to be free from cruel and unusual punishment when he deliberately jammed his finger into Plaintiff's rectum during a rectal examination on April 25, 2010, causing him pain. Plaintiff had reported to sick call for follow-up hemorrhoidal care on that date. Plaintiff further contends that Rush's actions were in retaliation for a grievance Plaintiff filed against Rush with

respect to the medical treatment he was receiving, and therefore Rush retaliated during the course of the exam with the intention to inflict pain. (Doc. No. 51, Am. Compl. at 1.) Plaintiff requests "any relief this court deems appropriate in favor of plaintiff." [1] (Id. at 2.)

Rush has filed a motion for summary judgment in this matter. (Doc. No. 67.) A supporting brief and statement of material facts have also been submitted. (Doc. Nos. 68, 70.) Plaintiff has failed to oppose the motion. Prior to the filing of the motion for summary judgment, the Court had issued a Memorandum and Order on February 5, 2010, granting in part and denying in part a motion Rush had filed to dismiss the amended complaint. The copy mailed to Plaintiff at SCI-Mahanoy was returned to the Court. The envelope was marked "Undeliverable-Addressee Unknown." (Doc. No. 63.) Plaintiff had been transferred to the Federal Detention Center in Philadelphia and, as such, a copy of the February 5, 2010 Memorandum and Order was thereafter remailed to Plaintiff at his new address. (Doc. No. 63.) On April 2, 2010, a scheduling order was issued and mailed to Plaintiff at the Philadelphia Detention Center. This order was returned to the Court as undeliverable. A search of the Inmate Locator records of the Department of Corrections revealed that Plaintiff had been released. Following a telephone inquiry made to the Federal Detention Center in Philadelphia, the Court was provided with Plaintiff's forwarding address. The scheduling order was then remailed to Plaintiff at his new address of 228 North 50th Street, Philadelphia, Pennsylvania, 19139. Since

---

[1] In his motion to dismiss the amended complaint Rush claimed that Plaintiff was in violation of Fed. R. Civ. P. 8 which requires every complaint to contain a prayer for relief. In response thereto, the Court directed Plaintiff to file an addendum to his amended complaint setting forth his demand for relief. (Doc. No. 62.) He has failed to do so. As such, the Court will assume Plaintiff requests the same compensatory, punitive and injunctive relief he sought in his original complaint.

2

that time all documents filed by Defendant, as well as any Court mailings, have been sent to Plaintiff at this address. No documents have been returned as undeliverable and Plaintiff has never provided the Court with any updated address.

Following Plaintiff's failure to oppose the motion for summary judgment filed by Defendant on July 1, 2010, the Court issued an order directing him to do so within fourteen (14) days. He was warned that the failure to oppose the motion would result in the motion being deemed unopposed. (Doc. No. 73.) Plaintiff has failed to file any opposition or seek an enlargement of time within which to do so. In fact, the last time the Court received any contact from Plaintiff was on October 30, 2009, when he provided a change of address from SCI-Mahanoy to the Federal Detention Center in Philadelphia. As such, the Court will deem Defendant's motion to be unopposed, and address the motion on the merits.

**II.     Standard of Review**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issued for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

Plaintiff has failed to submit any opposition to Defendant's motion for summary judgment, and therefore, the motion is deemed unopposed. Moreover, because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendant Rush, all material facts set forth in Defendant's statement of material facts (Doc. No. 68) will be

deemed admitted. See M.D. Pa. L.R. 56.1.[2] Even though Plaintiff has not opposed Rush's motion, the Court still must determine whether Rush is entitled to summary judgment as a matter of law. See Lorenzo v. Griffith, 12 F.3d 23, 38 (3d Cir. 1993); Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174-75 (3d Cir. 1990).

### III. Discussion

#### A. Undisputed Facts

Plaintiff filed Grievance #117716 dated May 15, 2005, contending that on April 25, 2005, he was seen and examined by Defendant Rush for hemorrhoids. Plaintiff informed Rush that he still had hemorrhoid pain and thought he may need surgery on his hemorrhoids. Rush performed an examination to check for internal hemorrhoids and abnormalities. During the exam, Plaintiff states that Rush jammed his finger into Plaintiff's rectum with a lot of force and caused him to have pain. (Doc. No. 68-4, Ex. C at 1-3, Grievance #117716.)

On May 25, 2005, Grievance Officer Marva J. Cerullo responded to Plaintiff's grievance. She noted that Rush performed a rectal exam because it was indicated given Plaintiff's history of hemorrhoid problems and repeated requests for cream and complaints of blood on toilet tissue. She noted that Rush performed the exam using standard procedure and that Plaintiff did not complain during the exam at all. Cerullo further responded that inmates are not permitted to choose which practitioner they will see, and that inmates are seen by the physician's assistant who is free when it is their turn to be seen. (Id., 5/25/05 Initial Response to Grievance.)

Following this response, Plaintiff filed an appeal to the Superintendent and alleged he felt

---

[2] M.D. Pa. L.R. 56.1 provides, in relevant part, as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

as if he was sexually assaulted. The appeal was received in the Superintendent's Office on May 31, 2005. (Doc. No. 68-4, Appeal to Superintendent.) At some point thereafter, but prior to receiving a response to his appeal from the Superintendent, Plaintiff filed an appeal with respect to Grievance #117716 with the Secretary's Office of Inmate Grievances and Appeals. In response thereto, the Secretary's Office issued a letter to Plaintiff on July 6, 2005, advising Plaintiff that he did not have the ability to file a direct appeal for final review. (Id. at 10.)

On July 8, 2005, the Superintendent responded to Grievance #117716 and reported that there was no evidence that Rush was unprofessional. (Id., 7/8/05 Superintendent's Response to Grievance #117716.) On October 3, 2005, an appeal to the Secretary's Office of Inmate Grievances and Appeals from the Superintendent's decision was dismissed as untimely. (Doc. No. 68-4, 10/3/05 Secretary's Office Response.) Chief Grievance Officer Sharon M. Burks stated that while the Secretary's Office will often exercise latitude in issues of timeliness, it was noted that Plaintiff's appeal was well beyond the stipulated 15 day period provided in DC-ADM 804 for appealing the response from the Superintendent, and that Plaintiff's appeal included no reason for his delay. (Id.)

### B. Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level." Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007)(citing 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007)(citation omitted); see also id. "[P]risoners must exhaust all 'available' remedies, even where the relief sought cannot be

6

granted through the administrative process." Williams, 482 F.3d at 639 (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006). "Additionally, the PLRA requires 'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.'" Id. Failure to properly exhaust administrative remedies will result in the procedural default of a prisoner's claim. Spruill v. Gillis, 372 F.3d 218, 230-32 (3d Cir. 2004).

Nevertheless, a prisoner is not required to allege that administrative remedies have been exhausted. Ray v. Kertes, 285 F.3d 287 (3d Cir .2002). Failure to exhaust available administrative remedies is an affirmative defense. Id. As such, it must be pled and proven by the defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

In the instant case, Defendant Rush has submitted evidence establishing that Plaintiff has failed to fully exhaust his administrative remedies with respect to the claims set forth in the amended complaint. Rush submits the declaration of Keri Moore, employed with the Pennsylvania Department of Corrections ("DOC") as Administrative Officer II in the Secretary's Office of Inmate Grievances and Appeals. (Doc. No. 68-7, Ex. F, Moore Decl.) In her capacity as Administrative Officer II, Moore has access to the DOC's automated inmate grievance tracking system. She sets forth the inmate grievance procedure as provided in Administrative Directive 804 and included in the Inmate Handbook given to every inmate in DOC custody. DC-ADM 804 outlines the necessary steps for filing a grievance and taking appeals from initial grievance determinations, and provides for three levels of administrative review - (1) Initial Grievance to Facility Grievance Coordinator; (2) appeal to the Superintendent; and (3) appeal for final review to the Secretary's Office of Inmate Grievances and Appeals. Pursuant to this

7

procedure, an inmate must submit an initial grievance to the prison's Grievance Coordinator within fifteen (15) days of the incident in question. The Grievance Coordinator then assigns the grievance to the appropriate prison official or employee for a response. Following the Grievance Officer's decision, the inmate then has ten (10) working days to appeal to the Superintendent of the prison. Once the Superintendent's decision is made, the inmate has fifteen (15) working days to file a final appeal with the Secretary's Office.

In reviewing the DOC's record of grievances filed by Plaintiff, Moore states that Plaintiff only filed one grievance, Grievance #117716, concerning his rectal exam of April 25, 2005. (Doc. No. 68-7 at ¶ 7.) This grievance was filed on May 16, 2005. Attached to Moore's declaration is a copy of Grievance #117716. (Id., Ex. B.) Also attached to Moore's declaration is the Superintendent's denial of this grievance on July 8, 2005. (Id., Ex. C.) Although Plaintiff did file an appeal from the Superintendent's denial to the Secretary's Office, Moore states that the appeal was dismissed as untimely in that it was filed well beyond the 15 day period from the Superintendent's response. Further, Plaintiff failed to give any reason for his delay. (Id. at ¶ 9, Ex. D.) Based on the foregoing, Moore states that Plaintiff failed to exhaust the DOC's inmate grievance process under DC-ADM wit respect to Grievance # 117716.

In addition to submitting Moore's declaration, Defendant also submits Plaintiff's deposition transcript wherein he admits he only filed Grievance # 117716 with respect to the claims raised in this complaint. (Doc. No. 68-6, Ex. E at 7, Johnson Dep.) Plaintiff further states that he does remember being informed that his appeal to the Secretary's Office was being dismissed because he filed it late, and does not know why he failed to file his appeal within 15 days of receiving the Superintendent's response. (Id. at 12.) He further acknowledges that he

procedure, an inmate must submit an initial grievance to the prison's Grievance Coordinator within fifteen (15) days of the incident in question. The Grievance Coordinator then assigns the grievance to the appropriate prison official or employee for a response. Following the Grievance Officer's decision, the inmate then has ten (10) working days to appeal to the Superintendent of the prison. Once the Superintendent's decision is made, the inmate has fifteen (15) working days to file a final appeal with the Secretary's Office.

In reviewing the DOC's record of grievances filed by Plaintiff, Moore states that Plaintiff only filed one grievance, Grievance #117716, concerning his rectal exam of April 25, 2005. (Doc. No. 68-7 at ¶ 7.) This grievance was filed on May 16, 2005. Attached to Moore's declaration is a copy of Grievance #117716. (Id., Ex. B.) Also attached to Moore's declaration is the Superintendent's denial of this grievance on July 8, 2005. (Id., Ex. C.) Although Plaintiff did file an appeal from the Superintendent's denial to the Secretary's Office, Moore states that the appeal was dismissed as untimely in that it was filed well beyond the 15 day period from the Superintendent's response. Further, Plaintiff failed to give any reason for his delay. (Id. at ¶ 9, Ex. D.) Based on the foregoing, Moore states that Plaintiff failed to exhaust the DOC's inmate grievance process under DC-ADM wit respect to Grievance # 117716.

In addition to submitting Moore's declaration, Defendant also submits Plaintiff's deposition transcript wherein he admits he only filed Grievance # 117716 with respect to the claims raised in this complaint. (Doc. No. 68-6, Ex. E at 7, Johnson Dep.) Plaintiff further states that he does remember being informed that his appeal to the Secretary's Office was being dismissed because he filed it late, and does not know why he failed to file his appeal within 15 days of receiving the Superintendent's response. (Id. at 12.) He further acknowledges that he

was aware of the requirement that he exhaust his administrative remedies as set forth in his Inmate Handbook. (Id. at 13.)

Based on the foregoing, there is no genuine issue of disputed material fact that Plaintiff failed to exhaust his available administrative remedies. Because exhaustion is mandatory under the PLRA, Defendant is entitled to summary judgment as a matter of law, and the instant motion will be granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MEL JOHNSON, : CIVIL NO. 1:CV-06-0627
    Plaintiff, :
: (Chief Judge Kane)
v. :
:
JOSEPH RUSH, P.A., et al., :
    Defendants :

# ORDER

AND NOW, this 2nd day of December, 2010, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 67) is **deemed unopposed** and is **granted**.

2. The Clerk of Court is directed to **enter judgment** in favor of Defendant Rush and against Plaintiff.

3. The Clerk of Court is further directed to **close this case**.

4. Any appeal from this order is deemed frivolous and not in good faith.

                                          S/ Yvette Kane
                                          YVETTE KANE, Chief Judge
                                          Middle District of Pennsylvania